UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

| | | |
|---|---|---|
| SAMUEL MERRIN and MERRIN GALLERY INC., | : | |
| | : | |
| Plaintiffs, | : | Index No. 22MC172 |
| - Against - | : | |
| | : | |
| MERRICK B. GARLAND, as Attorney General of the United States, DEPARTMENT OF JUSTICE, and ALEJANDRO MAYORKAS, as Secretary of the Department of Homeland Security, DEPARTMENT OF HOMELAND SECURITY, CHRIS MAGNUS, as Commissioner of U.S. Customs and Border Protection, U.S. CUSTOMS AND BORDER PROTECTION, | : : : : : : : : | **ORDER TO SHOW CAUSE FOR RETURN OF SEIZED PROPERTY** |
| | : | |
| Defendants. | : | |

―――――――――――――――――――――――――――――

Upon the annexed Affirmation of Michael McCullough, Esq., in Support of the Plaintiffs' Motion, Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, for the Return of Seized Property; the Supporting Affidavit of Sam Merrin ("Mr. Merrin"), President of Merrin Gallery ("the Gallery"); and the Plaintiffs' Memorandum of Law (collectively "the Motion"), it is

ORDERED that the Defendants, through their counsel, the United States Attorney for the Southern District of New York ("USAO SDNY"), show cause, before a motion term of this Court, located in the courthouse at 500 Pearl Street, New York, NY 10007, at a hearing on the ___ day of June, 2022, at ___ o'clock in the ____ noon, or as soon thereafter as counsel may be heard, why injunctive relief should not be granted, in accordance with Rule 65(a) of the Federal Rules of Civil Procedure, for an Order pursuant to Rule 41(g) and 18 U.S.C. §§ 983(a)(1)(A)(i), 983(a)(1)(F) and 983(f)(1), directing the Defendants to return to Mr. Merrin, who is authorized

to make this application on behalf of the Gallery, an Egyptian Seated Figure, Middle Kingdom, valued at approximately $531,000 (the "Figure") and a South Arabian Alabaster Relief, 4th–3rd century BC, valued at approximately $200,000 (the "Relief") (together, "the Property") that were detained by agents of U.S. Customs and Border Protection ("CBP"), an agency within the Department of Homeland Security ("DHS") (USAO SDNY, CBP and DHS, together, "the Government") on the grounds that:

> 1) the Figure was detailed by CBP at John F. Kennedy International Airport on August 2, 2021 and has never been seized while more than **320** days have passed since the Property was detained, during which time CBP was required to promptly provide Plaintiffs with a Notice of Seizure, such delay amounts to a violation of the Customs Law, CAFRA, and plaintiff's Fifth Amendment right not to be deprived of property without due process of law, and,

> 2) the Relief was seized by CBP at John F. Kennedy International Airport on January 6, 2021, and the Gallery elected Judicial Forfeiture of the Relief by submitting an election form on June 3, 2021. CBP and the USAO SDNY have yet to file a forfeiture action against the Relief while more than **533** days have passed since the Property was seized and over a year since the election form was filed, during which time the Government was required to promptly institute civil forfeiture proceedings, such delay amounts to a violation of the Customs Laws, CAFRA, and plaintiff's Fifth Amendment right not to be deprived of property without due process of law.

It is further ORDERED that USAO SDNY shall notify the government departments and agencies named as Defendants of this action and, if requested, shall provide electronic copies of the Motion to each named Defendant, directed to the appropriate section or counsel's office for that department or agency.

DATED: New York, New York

ISSUED:            , 2022

_____
UNITED STATES DISTRICT JUDGE